**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| PATRICK MCINTOSH, | :: | PRISONER CIVIL RIGHTS |
|    Plaintiff, | :: | 42 U.S.C. § 1983 |
| | :: | |
| v. | :: | |
| | :: | |
| MARGARET LAUREN WADE, | :: | CIVIL ACTION NO. |
| *CNN Videographer*, | :: | 1:17-CV-0469-TWT-RGV |
|    Defendant. | :: | |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Plaintiff Patrick McIntosh, presently confined in the Robert A. Deyton Detention Facility in Lovejoy, Georgia, has filed this pro se civil rights action. [Doc. 1]. The matter is now before the undersigned Magistrate Judge for consideration of plaintiff's request to proceed in forma pauperis, [Doc. 10], and for a 28 U.S.C. § 1915(e)(2)(B)[1] frivolity screening. For the reasons that follow, plaintiff's request to proceed in forma pauperis, [Doc. 10], is **GRANTED**, but the undersigned **RECOMMENDS** that this action be **DISMISSED** for failure to state a claim.

---

[1] Because plaintiff has not sued any state actors, frivolity review is appropriate under § 1915(e)(2)(B), rather than 28 U.S.C. § 1915A. Section 1915(e)(2)(B) requires a federal court to review and dismiss an in forma pauperis complaint if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.

AO 72A
(Rev.8/82)

## I.  REQUEST TO PROCEED <u>IN</u> <u>FORMA</u> <u>PAUPERIS</u>

A review of plaintiff's financial affidavit, [Doc. 10], reflects that he has filed an authorization allowing his custodian to withdraw funds from his inmate account and that he has insufficient funds in his inmate account to pay an initial partial filing fee.  Accordingly, plaintiff's request to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, [Doc. 10], is **GRANTED**, and plaintiff need not pay an initial partial filing fee.  Plaintiff shall, however, be obligated to pay the full statutory filing fee of $350.00 as funds are deposited in his inmate account pursuant to the provisions of 28 U.S.C. § 1915(b)(2).  Specifically, the balance of said filing fee shall be paid by, or on behalf of the plaintiff, in monthly or other incremental payments in the amount of 20% of the preceding month's income credited to plaintiff's inmate account in each month in which plaintiff's account balance exceeds $10.00. Pursuant to 28 U.S.C. § 1915(b)(2), the institution administering plaintiff's inmate account shall withdraw such amounts from the account and remit the same to the Clerk, U.S. District Court, until the filing fee is paid in full, as verified by separate notice from the Clerk to the warden of the institution.

AO 72A
(Rev.8/82)

## II. FRIVOLITY SCREENING

### A. <u>Legal Standards</u>

Plaintiff brings this civil rights action against the defendant under 42 U.S.C. § 1983 ("§ 1983").[2] To state a claim for relief under § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. <u>Hale v. Tallapoosa Cty.</u>, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy those requirements, or fails to provide supporting factual allegations, then the complaint is subject to dismissal for failure to state a claim. <u>See</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (noting that "[f]actual

---

[2] Plaintiff also alleges that the Court has jurisdiction to hear this action under 28 U.S.C. § 1332, [Doc. 1 at 1], which requires complete diversity of citizenship, i.e., the adverse parties must be citizens of different states. 28 U.S.C. § 1332; <u>see also</u> <u>Flintlock Constr. Servs., LLC v. Well-Come Holdings, LLC</u>, 710 F.3d 1221, 1224 (11th Cir. 2013) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant.") (citation omitted). It is the plaintiff's burden to "affirmatively allege facts demonstrating the existence of jurisdiction." <u>Taylor v. Appleton</u>, 30 F.3d 1365, 1367 (11th Cir. 1994). Plaintiff, who was imprisoned in Missouri at the time he filed this suit, "has not alleged that his domicile prior to incarceration was not in the State of Georgia, the domicile of the defendant." <u>See</u> <u>Polakoff v. Henderson</u>, 370 F. Supp. 690, 693 (N.D. Ga. 1973) ("A prisoner does not acquire a new domicile in the place of his imprisonment, but retains the domicile he had prior to incarceration."). Accordingly, plaintiff has not met his burden to show that this Court has jurisdiction under § 1332. <u>Id.</u>

AO 72A
(Rev.8/82)

allegations must be enough to raise a right to relief above the speculative level," and that a complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action" (citations omitted)); see also Ashcroft v. Iqbal, 556 U.S. 662, 681-84 (2009) (holding that Twombly "expounded the pleading standard for 'all civil actions,'" to wit, conclusory allegations that "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "'across the line from conceivable to plausible'" (citations omitted)); Papasan v. Allain, 478 U.S. 265, 286 (1986) (accepting as true only plaintiff's factual contentions, but not his or her legal conclusions couched as factual allegations); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (per curiam) (court is "not permitted to read into the complaint facts that are not there").

**B.   Discussion**

Plaintiff brings this action against Margaret Lauren Wade. [Doc. 1 at 1]. Plaintiff alleges that Wade called off her engagement to plaintiff and refused to return the "wedding and engagement band," that she subsequently contacted plaintiff "pretending to want to leave her husband . . . and get back together," and that she

4

"made false statements in a restraining order petition claiming that [plaintiff] stalked her . . . and pointed a firearm at her." [Id. at 3]. Plaintiff seeks $2,000 in compensatory damages and $100,000 in punitive damages. [Id.].

Plaintiff fails to state a § 1983 claim against Wade because he has not alleged facts to show that she could be considered a state actor. See Lloyd v. Card, 283 F. App'x 696, 699 (11th Cir. 2008) (per curiam) ("A private person is considered a state actor if the state coerced or 'significantly encouraged' the private person to act, the action was traditionally performed by a state official, . . . the state was a joint participant in the action[, or the private person] . . . conspired with state officials to commit the alleged constitutional violation." (citations omitted)). Plaintiff's allegation that Wade made false statements to police in order to obtain a restraining order against plaintiff is insufficient to establish state action for purposes of a § 1983 claim. See Brivik v. Murray, No. 8:11-cv-2101-T-33TGW, 2012 WL 4761367, at *4 (M.D. Fla. Oct. 5, 2012) (citations omitted). Plaintiff further does not allege facts to show that Wade deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Hale, 50 F.3d at 1582. Accordingly, this action is due to be dismissed.

5

## III.  CONCLUSION

For the foregoing reasons, plaintiff's request to proceed in forma pauperis, [Doc. 10], is **GRANTED**, but **IT IS RECOMMENDED** that this pro se civil rights action be **DISMISSED** for failure to state a claim.

The Clerk **SHALL** transmit a copy of this Order to the Warden of the Robert A. Deyton Detention Facility in Lovejoy, Georgia.  The Warden, or his designee, shall collect the aforesaid monthly payments from plaintiff's inmate account and remit such payments to the Clerk of the United States District Court for the Northern District of Georgia until the $350.00 filing fee is paid in full.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO ORDERED AND RECOMMENDED**, this 8th day of MARCH, 2017.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)